Michael K. Friedland (SBN 157,217)
mfriedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> GO-OPTIC INC., a Delaware corporation, and DUCAL TRADING CORPORATION, a Florida corporation <br><br> Defendants. | Civil Action No. **'13CV1635 AJB WMC** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendants Go-Optic Inc. ("Go-Optic") and Ducal Trading Corporation ("Ducal") (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products for sale in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c), and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Go-Optic is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 3422 Old Capital Trail, Suite 718, Wilmington, Delaware 19808.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Ducal is a corporation organized and existing under the laws of the

state of Florida, having its principal place of business at 5291 N.W. 161st Street, Miami Gardens, Florida 33014-6221.

7. Oakley is informed and believes, and thereon alleges, that Defendants have each committed the acts alleged herein within this judicial district.

### III. GENERAL ALLEGATIONS

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On February 7, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D514,613 ("the D613 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D613 Patent. A true and correct copy of the D613 Patent is attached hereto as Exhibit A.

10. On May 15, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,216,973 ("the '973 Patent"), entitled "EYEGLASS WITH MP3 PLAYER." Oakley is the owner by assignment of all right, title, and interest in the '973 Patent. A true and correct copy of the '973 Patent is attached hereto as Exhibit B.

11. On September 4, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,264,350 ("the '350 Patent"), entitled "MULTI-DIRECTIONAL ADJUSTMENT DEVICES FOR SPEAKER MOUNTS FOR EYEGLASS WITH MP3 PLAYER." Oakley is the owner by assignment of all right, title, and interest in the '350 Patent. A true and correct copy of the '350 Patent is attached hereto as Exhibit C.

/ / /

12. On February 28, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,004,582 ("the '582 Patent"), entitled "ELECTRONICALLY ENABLED EYEWEAR." Oakley is the owner by assignment of all right, title, and interest in the '582 Patent. A true and correct copy of the '582 Patent is attached hereto as Exhibit D.

13. On December 12, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,147,324 ("the '324 Patent"), entitled "SPEAKER MOUNTS FOR EYEGLASS WITH MP3 PLAYER." Oakley is the owner by assignment of all right, title, and interest in the '324 Patent. A true and correct copy of the '324 Patent is attached hereto as Exhibit E.

14. On May 22, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,219,994 ("the '994 Patent"), entitled "EYEGLASS WITH MP3 PLAYER." Oakley is the owner by assignment of all right, title, and interest in the '994 Patent. A true and correct copy of the '994 Patent is attached hereto as Exhibit F.

15. On November 22, 2005, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,966,647 ("the '647 Patent"), entitled "TELECOMMUNICATIONS ENABLED EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the '647 Patent. A true and correct copy of the '647 Patent is attached hereto as Exhibit G.

16. Defendants manufacture, use, sell, offer for sale and/or import into the United States eyewear that infringe Oakley's intellectual property rights.

17. Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. §287.

/ / /

/ / /

## IV.  CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

18. Oakley repeats and re-alleges the allegations of paragraphs 1-17 of this complaint as if set forth fully herein.

19. This is a claim for patent infringement under 35 U.S.C. § 271.

20. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the D613 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by the claim of the D613 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

21. Defendants' acts of infringement of the D613 Patent were undertaken without permission or license from Oakley.  Defendants had knowledge of the D613 Patent and their actions constitute willful and intentional infringement of the D613 Patent.  Defendants infringed the D613 Patent with reckless disregard of Oakley's patent rights.  Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the D613 Patent.  Defendants' acts of infringement of the D613 Patent were not consistent with the standards for their industry.

22. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '973 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '973 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

23. Defendants' acts of infringement of the '973 Patent were undertaken without permission or license from Oakley.  Defendants had knowledge of the '973 Patent and their actions constitute willful and intentional infringement of the '973 Patent.  Defendants infringed the '973 Patent with

reckless disregard of Oakley's patent rights. Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the '973 Patent. Defendants' acts of infringement of the '973 Patent were not consistent with the standards for their industry.

24. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '350 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '350 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

25. Defendants' acts of infringement of the '350 Patent were undertaken without permission or license from Oakley. Defendants had knowledge of the '350 Patent and their actions constitute willful and intentional infringement of the '350 Patent. Defendants infringed the '350 Patent with reckless disregard of Oakley's patent rights. Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the '350 Patent. Defendants' acts of infringement of the '350 Patent were not consistent with the standards for their industry.

26. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '582 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '582 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

27. Defendants' acts of infringement of the '582 Patent were undertaken without permission or license from Oakley. Defendants had knowledge of the '582 Patent and their actions constitute willful and intentional infringement of the '582 Patent. Defendants infringed the '582 Patent with reckless disregard of Oakley's patent rights. Defendants knew or it was so obvious that Defendants should have known, that their actions constituted

infringement of the '582 Patent.  Defendants' acts of infringement of the '582 Patent were not consistent with the standards for their industry.

28. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '324 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '324 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

29. Defendants' acts of infringement of the '324 Patent were undertaken without permission or license from Oakley.  Defendants had knowledge of the '324 Patent and their actions constitute willful and intentional infringement of the '324 Patent.  Defendants infringed the '324 Patent with reckless disregard of Oakley's patent rights.  Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the '324 Patent.  Defendants' acts of infringement of the '324 Patent were not consistent with the standards for their industry.

30. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '994 Patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '994 Patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

31. Defendants' acts of infringement of the '994 Patent were undertaken without permission or license from Oakley.  Defendants had knowledge of the '994 Patent and their actions constitute willful and intentional infringement of the '994 Patent.  Defendants infringed the '994 Patent with reckless disregard of Oakley's patent rights.  Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the '994 Patent.  Defendants' acts of infringement of the '994 Patent were not consistent with the standards for their industry.

*1*     32.     Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the '647 patent by making, using, selling, offering for sale and/or importing eyewear that are covered by at least claim 1 of the '647 patent, including Defendants' Ducal 1401 Talk & Tunes to go Bluetooth MP3 Sunglass.

33.     Defendants' acts of infringement of the '647 Patent were undertaken without permission or license from Oakley. Defendants had knowledge of the '647 Patent and their actions constitute willful and intentional infringement of the '647 Patent. Defendants infringed the '647 Patent with reckless disregard of Oakley's patent rights. Defendants knew or it was so obvious that Defendants should have known, that their actions constituted infringement of the '647 Patent. Defendants' acts of infringement of the '647 Patent were not consistent with the standards for their industry.

34.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendants' total profits from Defendants' infringement of the D613 Patent.

35.     Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

36.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

37.     Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

38.     Defendants will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, Oakley prays for judgment in its favor against Defendants for the following relief:

A. An Order adjudging Defendants to have willfully infringed the D613 Patent, the '973 Patent, the '350 Patent, the '582 Patent, the '324 Patent, the '994 Patent, and the '647 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from infringing the D613 Patent, the '973 Patent, the '350 Patent, the '582 Patent, the '324 Patent, the '994 Patent, and the '647 Patent;

C. That under 35 U.S.C. § 284, Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the D613 Patent, the '973 Patent, the '350 Patent, the '582 Patent, the '324 Patent, the '994 Patent, and the '647 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to Oakley all damages suffered by Oakley;

D. That Oakley have and recover Defendants' total profits under 35 U.S.C. § 289 for Defendants' infringement of the D613 Patent;

E. An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

F. An Order adjudging that this is an exceptional case;

G. An award to Oakley of the attorneys' fees and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

H. An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

I. That Oakley have and recover the costs of this civil action, including reasonable attorneys' fees.

J. An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

1  K. Such other and further relief as this Court may deem just and
2  proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 12, 2013    By: */s/ Ali S. Razai*
  Michael K. Friedland
  Ali S. Razai
  Samantha Y. Hsu

  Attorneys for Plaintiff
  OAKLEY, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 12, 2013     By: */s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC.

15497571